**Caryl Anthony Vaughn GIBBS, et al., Plaintiffs–Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 88–3270.

United States Court of Appeals, Fifth Circuit.

June 4, 1990.

Frederick W. Bradley, Charles M. Steen, New Orleans, La., for plaintiffs-appellants.

John J. Weigel, Donna Bossier Phillips, New Orleans, La., for defendant-appellee.

Before THORNBERRY, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

We are grateful to the Louisiana Supreme Court for accepting certification of the Louisiana law question presented in this case. That Court has now answered that question in the negative. *Gibbs v. Liberty Mutual Insurance Company,* 557 So.2d 972 (La.1990). In the companion case of *Great Southwest Fire Insurance Com-*

*pany v. CNA Insurance Companies,* 557 So.2d 966 (La.1990), the Louisiana Supreme Court explained more fully the reasoning underlying its answer.

In *Great Southwest,* the Louisiana Supreme Court held that the primary insurer did not owe any duty directly to the excess insurer. *Id.* at 971. The court did, however, permit the excess insurer to seek recovery against the primary insurer to the extent the excess insurer was subrogated to the rights of the insured. *Id.* at 967.

The parties concede in this case that the insured (Cummins) had been fully released and thus had no liability to which the excess carrier could be subrogated. Thus, as plaintiffs concede, the negative answer to the certified question is fatal to plaintiffs' action. The district court correctly divined the Louisiana law on this issue and its judgment is

AFFIRMED.